## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RUBEN J. ESCANO,

        Plaintiff,

v.                                   No. 2:21-cv-0884 RB-GBW

SYMMETRY FINANCIAL GROUP OF
NORTH CAROLINA, LLC; MUTUAL
OF OMAHA INSURANCE COMPANY;
BRANDON ELLISON; BRIAN POPE;
and DOES 1 through 10,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff Ruben Escano filed suit in New Mexico state court, alleging that Defendants violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and related regulations. The named defendants jointly removed the lawsuit to this Court. Escano moves to remand on the basis that Defendants failed to file "a copy of all process, pleadings, and orders served upon" them as required by 28 U.S.C. § 1446(a). Specifically, Escano alleges that Defendants failed to file copies of the summonses he served on Defendants Brandon Ellison and Brian Pope. Defendants argue that Ellison and Pope never received the summonses, and that even if they had, Escano failed to file them in state court as required by NMRA 1-004(C). For the reasons detailed in this Opinion, the Court finds that Defendants' failure to file copies of the summonses is a *de minimus* procedural defect and will deny the motion to remand.

## I.    Relevant Background

On August 9, 2021, Escano filed a lawsuit in the Sixth Judicial District Court of New Mexico, bringing claims under the TCPA. (Doc. 1-1 (Compl.).) He asserts that Ellison and Pope

are agents and employees of Defendant Symmetry Financial Group (SFG). (*Id.* ¶ 15.) Escano alleges that Ellison, Pope, and SFG, on behalf of Defendant Mutual of Omaha Insurance Company (MOIC), initiated a number of automatically-dialed and unsolicited telephone calls to his cellular telephone number regarding life and health insurance. (*Id.* ¶¶ 13–14.)

Defendants removed the lawsuit to this Court on September 8, 2021. (Doc. 1.) Defendants filed a copy of all documents filed in the state court action as a Supplement to the Notice of Removal on October 6, 2021. (Docs. 23-1–2.) The record shows that Escano filed in state court (and Defendants in federal court) the following documents related to service:

(1) The summons and a return showing that service was made on MOIC on August 11, 2021, by hand delivery of a copy of the summons and complaint to Tom Gray, Security Supervisor at MOIC at an address in Omaha, Nebraska. (Docs. 23-1 at 33–35; 23-2 at 42–44);

(2) The summons addressed to SFG dated August 9, 2021. (Doc. 23-2 at 41.) There is also a return signed by Yvonne Cobourn, private investigator, and notarized on August 17, 2021. (Doc. 23-1 at 36.) This return states that Cobourn served a copy of the summons and complaint on SFG on August 10, 2021, via delivery to Ellison, who accepted service in his capacity as "the limited liability company's officer, managing or general agent, or agent authorized by appointment[ or] law." (Doc. 23-1 at 36.) The return does not conform to New Mexico Civil Form 4-206. *See* N.M. Civil Form 4-206, Summons, available at https://api.realfile.rtsclients.com/PublicFiles/ f176abc1e5724236a069e99a176a74d5/7183d2d9-f17b-412f-a9ac-165d69c115a7/4-206.pdf  (last visited May 9, 2022);

(3) A return showing that Yvonne Cobourn, a private investigator, served a copy of the summons and complaint on Ellison on August 10, 2021. (Doc. 23-1 at 37–38); and

(4) A return showing that Shawn Sardia, a process server in California, served Pope on August 17, 2021, by leaving a copy of the summons and complaint with Geri Pope, Pope's spouse, who "resid[ed] at the usual place of abode of defendant Brian Pope" in California, and by mailing the same to that address. (*Id.* at 39–40).

Although Escano presumably has in his possession the original summonses served on Ellison and Pope, Escano did *not* file the summonses with the state court or with this Court. (*See, e.g.*, Docs. 28 at 3; 32 at 5–7.) Escano does submit, however, affidavits from Cobourn and Sardia. (Docs. 24-A; 24-B.) Cobourn asserts that prior to serving Ellison, she "reviewed publicly available images of [him] . . . to understand what [he] looks like." (Doc. 24-A ¶ 3.) On August 10, 2021, Cobourn went to a residential address on Bull Creek Road in Asheville, North Carolina. (*Id.* ¶ 4.) "When Mr. Ellison came to the door, he said, 'What am I being served with now?'" (*Id.*) Cobourn avers that she "personally delivered to Mr. Ellison two copies of the Complaint, a copy of the summons for him, and a copy of the summons for SFG." (*Id.* ¶ 5.) Sardia states that he attempted service at a residential address on Ridgewood Drive in Loomis, California on both August 12 and 14, 2021. (Doc. 24-B ¶ 3.) He went to that address again on August 17, 2021, and a woman answered the door and identified herself as Geri Pope, wife of Brian Pope. (*Id.* ¶ 4.) Sardia delivered a copy of the complaint and summons to Geri Pope and mailed the same to the Ridgewood Drive address on August 17, 2021. (*Id.* ¶¶ 5–6.)

Defendants submit affidavits signed by Ellison and Pope. (Docs. 28-C; 28-D.) Ellison states that he does "not remember having been served in the manner described by Ms. Cobourn." (Doc. 28-C ¶ 5.) He further avers that he does "not presently have, nor remember ever receiving, the summons issued for [him] in this matter . . . ." (*Id.* ¶ 6.) Pope asserts that he and his wife "no longer live at [the California address listed in the return] and . . . did not live there at any time in

August of 2021." (Doc. 28-D ¶ 4.) He states that he does "not remember [his] wife . . . having been

served in the manner described by Mr. Sardia[,]" nor does he "remember her telling [him] that she

had been served." (*Id.* ¶ 5.) Finally, he asserts that he does "not presently have, nor remember ever

receiving, the summons issued for" him. (*Id.* ¶ 6.)

## II.   Legal Standards

A defendant may remove a civil action from state to federal court if the action "satisfies

the requirements for original federal jurisdiction . . . ." *Padilla v. Am. Modern Home Ins. Co.*, 282

F. Supp. 3d 1234, 1250 (D.N.M. 2017) (citing 28 U.S.C. § 1441(a); *Huffman v. Saul Holdings LP*,

194 F.3d 1072, 1076 (10th Cir. 1999)). 28 U.S.C. § 1331 provides that "district courts shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

States."

"Federal courts are courts of limited jurisdiction; thus, there is a presumption against

removal jurisdiction, which the defendant seeking removal must overcome." *Zambrano v. N.M.

Corr. Dep't*, 256 F. Supp. 3d 1179, 1182 (D.N.M. 2017) (citing *Laughlin v. Kmart Corp.*, 50 F.3d

871, 873 (10th Cir. 1995), *abrogated on other grounds by Dart Cherokee Basin Op. Co. LLC v.

Owens*, 574 U.S. 81 (2014)). "All doubts are to be resolved against removal." *Id.* (quoting *Fajen

v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982)). The removing defendant bears

the burden of establishing subject-matter jurisdiction. *Id.*

Defendants must comply with the statutory procedure for removal of civil actions outlined

in 28 U.S.C. § 1446. Relevant here, § 1446(a) requires defendants to file in federal court "a notice

of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a

short and plain statement of the grounds for removal, together with a copy of all process, pleadings,

and orders served upon such defendant or defendants in such action." This Court's Local Rules

also require the removing party to file "legible copies of records and proceedings from the state court action within [28] days after filing notice of removal." D.N.M. LR-Civ. 81.1(a). The Tenth Circuit Court of Appeals in *Countryman v. Farmers Ins. Exchange* determined "that a removing party's failure to attach the required state court papers to a notice of removal is a [*de minimis*] procedural defect that is curable." 639 F.3d 1270, 1272, 1273 (10th Cir. 2011).

## III.    Analysis

Escano brings federal statutory claims under the TCPA; thus, his civil action was removable pursuant to the Court's federal question jurisdiction. *See* 28 U.S.C. § 1331. The parties do not dispute that Defendants timely removed the lawsuit on September 8, 2021. *See* 28 U.S.C. § 1446(b)(1). At issue here is § 1446(a)'s requirement that Defendants file "a copy of all process, pleadings, and orders served upon" them. Escano argues that because Defendants have failed to file the summonses served on Ellison and Pope, this action must be remanded. (*See* Doc. 24.) Defendants disagree and contend that any such omission is a curable, *de minimis* procedural defect, and further, that Escano failed to serve them with summonses at all. (*See* Doc. 28.)

The Tenth Circuit's decision in *Countryman* guides the analysis here. *See* 639 F.3d 1270. There, the plaintiff argued that the defendants' joint notice of removal was procedurally defective because they failed to include a copy of one summons. *Id.* at 1271. The defendants submitted the missing summons after the 30-day period specified in § 1446(a) had expired. *See id.* The Tenth Circuit noted that there was a "split of authority as to whether a procedural defect in a notice of removal requires remand to state court." *Id.* at 1272. A minority of courts viewed such a failure as "a fatal defect that necessitates remand." *Id.* The majority view, which the Tenth Circuit adopted in *Countryman*, "is that a removing party's failure to attach the required state court papers to a notice of removal is a mere procedural defect that is curable." *Id.* The Tenth Circuit found that

5

"[t]he omission of a summons from [the d]efendants' joint notice of removal was an inadvertent, minor procedural defect that was curable, either before or after expiration of the thirty-day removal period." *Id.* at 1273. It noted that the "[d]efendants supplemented their joint notice of removal to include the summons, . . . [the p]laintiff was not prejudiced by the omission[,]'" and "the district court's ability to proceed with the case [was not] materially impaired." *Id.*

Escano argues that under *Countryman*, Defendants' failure to include the summonses in this case was *not* a *de minimis* procedural defect and, therefore, requires remand. (Doc. 24 at 17.) "In considering whether a defect is *de minimus*, courts have considered whether the defect was cured, whether the defect prejudiced the plaintiff, and whether the district court's ability to proceed with the case was materially impaired." *Ramos v. C. Ortiz Corp.*, No. CV 15-980 MV/CG, 2016 WL 10571683, at *5 (D.N.M. Jan. 27, 2016), *R&R adopted*, 2016 WL 10571684 (May 20, 2016) (citing *Countryman*, 639 F.3d at 1273).

**A.    The defect has not been cured.**

Escano argues that remand is appropriate because Defendants have not cured their failure to file the summonses. (Doc. 24 at 19.) He submits affidavits from Cobourn and Sandia, who assert that they served copies of the summonses and complaints on Ellison (personally) and Pope (via his wife and first-class mail). (*See* Docs. 24-A ¶¶ 4–5; 24-B ¶¶ 4–6.)

Defendants contend, however, that Ellison and Pope never received the summonses. (*See* Doc. 28 at 5.) Ellison asserts that he does not "have, nor remember ever receiving, the summons issued for [him] in this matter . . . ." (Doc. 24-C ¶ 6.) He further states that he does "not remember having been served in the manner described by Ms. Cobourn." (*Id.* ¶ 5.) Curiously, Ellison does not dispute that Cobourn served him with the summons and complaint in his capacity as an agent of SFG. (*See* Docs. 23-1 at 36; 23-2 at 41.) Pope asserts that he did not live at the California address

at which Sardia claims to have served the summons. (Doc. 24-D ¶¶ 3–4.) Pope avers that he does "not remember [his] wife, Geri Pope, having been served in the manner described by Mr. Sardia[,]" nor does he "remember [his wife] telling [him] she had been served." (*Id.* ¶ 5.) Defendants did not submit an affidavit from Geri Pope, who presumably could have cleared up this issue. In short, the Court harbors some doubts as to the veracity of Defendants' affidavits.

The Court assigns a share of the blame for the missing summonses, however, to Escano himself. As Defendants point out, Escano was responsible for filing "the original summons[es] with proof of service . . . with the [state] court" pursuant to NMRA 1-004(C)(2). (*See* Doc. 28 at 3.) Escano does not dispute that he failed to comply with this requirement but brushes it off, because "[f]ailure to make proof of service shall not affect the validity of service." (Doc. 32 at 6 (quoting NMRA 1-004(L)).) This point becomes important in the remainder of the Court's analysis.

### B.   Escano has not been prejudiced by Defendants' failure to file the summonses, and the Court's ability to proceed has not been impaired.

The last two elements of the Court's analysis, whether Escano has been prejudiced and whether the Court's ability to proceed is impaired, are intertwined. Escano insists that Defendants' failure to cure the omission of the two summonses has dire consequences. (*See* Doc. 24 at 16–19.) He contends that the omission was not "minor," because "service of process just might be the most major component of civil litigation—aside from final judgment." (*Id.* at 17.) He argues that "a court ordinarily obtains personal jurisdiction by the service of a summons[, and w]ithout service of process . . . , a court lacks jurisdiction to proceed." (Doc. 24 at 18 (quoting Steven W. Teppler, *The Continuing Relevance of Personal Service of Process*, https://www.natlawreview.com/article/continuing-relevance-personal-service-process (Nov. 28, 2011)).) He believes that if Defendants

do not file the copies of the summonses, "they can stop responding to further litigation . . . ." (*Id.*) And because they have "call[ed] into question whether or not they have actually been served[,]" they will "hinder the court from, for example, compelling discovery." (*Id.*)

Defendants respond that "Ellison and Pope consented to the Court's personal jurisdiction when they filed . . . an Answer without raising defenses on grounds of improper service or lack of personal jurisdiction."[1] (Doc. 28 at 9.) The Court agrees. Under both state and federal law, a defendant must raise the defenses of insufficiency of process or insufficiency of service of process in the "first responsive pleading or by motion before the responsive pleading" or the defendant "waives these defenses." *Kiro v. Moore*, 229 F.R.D. 228, 230 (D.N.M. 2005) (quoting *United States v. 51 Pieces of Real Prop. Roswell, N.M.*, 17 F.3d 1306, 1314 (10th Cir. 1995); *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 175 (10th Cir. 1992)) (citing Fed. R. Civ. P. 12(h)(1)); *see also Sundance Mech. & Util. Corp. v. Atlas*, 789 P.2d 1250, 1257 (N.M. 1990) ("Certain defenses (lack of personal jurisdiction, improper venue, insufficiency of process or service of process) must be asserted at the outset of an action; otherwise these defenses are waived.") (citation omitted). Here, Defendants SFG, Ellison, and Pope filed an Answer and raised the affirmative defenses that Escano "fails to state a claim" and "lacks standing to bring his claims against Defendants." (Doc. 1 at 16.) They have not raised any defense regarding jurisdiction or service of process. (*See id.*) Additionally, they have affirmed on the record that they consent to the Court's personal jurisdiction and waive any defense related to service of process or personal jurisdiction. (*See* Doc. 28 at 2 n.2, 9.)

---

[1] Defendants also contend that they consented to personal jurisdiction by joining in the Notice of Removal. (*See* Doc. 28 at 2 n.2, 9.) Yet, "removing an action from state to federal court does not waive a defendant's defense of lack of process or lack of service of process." *Kiro v. Moore*, 229 F.R.D. 228, 231 (D.N.M. 2005) (citations omitted). Regardless, the Court agrees that Ellison and Pope waived these defenses by failing to raise them in their Answer or in a motion to dismiss.

Finally, Escano notes that his failure to file the summonses in state court "shall not affect the validity of service." (Doc. 32 at 6 (quoting NMRA 1-004(L)).) Thus, Escano agrees that service was valid, despite the mystery of the missing summonses. For the foregoing reasons, Escano need not fear that the Court's jurisdiction over these defendants will be questioned.

In short, the evidence shows that there is a factual question regarding whether Ellison and Pope received the summonses. Regardless, Ellison and Pope have consented to the Court's exercise of personal jurisdiction and have waived any objections to sufficiency of service of process. Despite the parties' collective failure to file the summonses on the record, the Court finds that the procedural defect has not prejudiced Escano. This is particularly true as Escano presumably still has possession of the original summonses, despite his continued failure to file them. Finally, the Court finds that the missing summonses have not materially impaired the Court's ability to proceed. Accordingly, the Court will deny the motion to remand and order Escano to file the missing summonses so that the record is complete.

THEREFORE,

IT IS ORDERED that Plaintiff Ruben J. Escano's Motion to Remand to State Court is DENIED;

IT IS FURTHER ORDERED that Escano shall file with the Court, no later than June 20, 2022, the original summonses issued to Ellison and Pope.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

9